UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MANSON FISHER, JR.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] Case No. 1:25-cv-00315-ACA-SGC |
| | ] |
| **KING,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

In February 2025, Plaintiff Manson Fisher, Jr. filed this action against a correctional officer for the violation of Mr. Fisher's civil rights under 42 U.S.C. § 1983. (Doc. 1 at 2–3). Mr. Fisher also moved to proceed *in forma pauperis* (doc. 2), explaining that he had some, but not all, funds available to pay the filing fee and could pay the remainder on a monthly basis until paid in full (doc. 3). The magistrate judge first granted the motion to proceed *in forma pauperis* (doc. 5), but then vacated her order granting the motion (doc. 7), and entered a report recommending the dismissal of this action without prejudice on the ground that Mr. Fisher had three strikes under 28 U.S.C. § 1915(g), had not prepaid the filing and administrative fees, and was not under imminent danger of serious physical injury (doc. 8). Mr. Fisher filed objections to the report. (Doc. 10).

The Prison Litigation Reform Act ("PLRA") places certain restrictions on prisoners' appeals in federal court. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner . . . appeal a judgment . . . under this section if the prisoner has, on [three] or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed" for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted."). The Eleventh Circuit interprets this provision as requiring a prisoner to pay the full filing fee at the time he initiates suit if he has had three or more previous cases dismissed as meritless. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule arises when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The magistrate judge found that at least three previous suits filed by Mr. Fisher were dismissed for failure to state a claim upon which relief may be granted. (*See* doc. 8 at 2).[1] And she found that Mr. Fisher's allegations of vision loss after being punched by the defendant did not sufficiently allege "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). (*Id.* at 3).

Mr. Fisher objects to the magistrate judge's report and recommendation on the ground recission of his *in forma pauperis* status was unfair. (Doc. 10 at 2–3). He

---

[1] Indeed, two subsequent actions that Mr. Fisher initiated were dismissed under the three strikes provision of the PLRA. (Doc. 8 at 3 n.2).

2

states he thought the court was making an exception to the three strikes provision when it initially granted his application to proceed *in forma pauperis* and, based on that belief, spent money in his prisoner account that otherwise could have been used to pay the filing fee in full after the court rescinded his *in forma pauperis* status. (*Id.* at 2). But the fact that a prisoner may be, or may have been, able to pay the full filing fee at the time he filed a new lawsuit is irrelevant if, as here, the prisoner does not in fact do so. And Mr. Fisher does not contest that he has three strikes (*see id.* at 1) ("The plaintiff knows that he had three strikes against him . . . ."), nor does he argue that his complaint establishes that he is in serious danger of imminent physical injury (*see generally id.*). Section 1915(g) only affords one exception to the three strikes provision, and it is not invoked by the facts pleaded in Mr. Fisher's complaint.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Mr. Fisher's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the magistrate judge's recommendation. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this May 29, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4